# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARIO LONG, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )    No. 4:24-CV-746 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Mario Long's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, movant's motion will be dismissed without prejudice as premature.

Movant is challenging his conviction for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Long*, No. 4:20-CR-486 RLW (E.D. Mo.). On August 24, 2023, a jury found movant guilty of the crime for which he was accused. On January 30, 2024, the Court sentenced movant to 120 months of imprisonment and two years of supervised release. *Id*. On February 9, 2024, movant appealed his conviction to the Eighth Circuit Court of Appeals. *See United States v. Long,* No. 24-1267 (8th Cir.). That appeal is still pending.[1]

"Ordinarily resort cannot be had to 28 U.S.C. § 2255 or habeas corpus while an appeal from conviction is pending." *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965) (per curiam) (citation omitted). An exception to this rule exists for "extraordinary circumstances." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968). "Whether extraordinary circumstances exist is a question the answer to which depends upon the balancing of the need for speedy relief against

---

[1] Movant admits in his § 2255 motion that his direct appeal is "pending." *See* ECF No. 1 at 2.

the need for conservation of judicial resources." *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).

Movant placed his § 2255 motion in the mail at the Federal Correctional Institution Beckley in Beaver, West Virginia, on May 20, 2024, less than 120 days after the Judgment issued in his underlying criminal case. His direct appeal of that Judgment is pending. Movant has not demonstrated any need for speedy relief, and nothing in his § 2255 motion suggests that an extraordinary circumstance exists here. As a result, movant's habeas motion has been prematurely filed. Finding no extraordinary circumstances that would allow movant to file his motion at this time, the Court will dismiss this action without prejudice to refiling after the direct criminal appeal is concluded. *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) (finding the district court properly dismissed the § 2255 motion as prematurely filed when the direct appeal was still pending).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED and DISMISSED** without prejudice, as movant's filing is premature.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of May, 2024.